USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER ROUKIS,

Petitioner,

-v-

UNITED STATES ARMY,

Respondent.

No. 10-cv-2219-RA

ORDER ADOPTING REPORT AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

In this amended petition for a writ of habeas corpus (the "Petition"), filed pursuant to 28 U.S.C. § 2241, Petitioner Peter T. Roukis challenges his conviction by general court-martial and subsequent confinement. On January 23, 2013, Magistrate Judge Debra C. Freeman issued a Report and Recommendation (the "Report") recommending the dismissal of the Petition, to which Petitioner has objected. For the following reasons, the Court adopts the Report with the modifications stated herein.

## PROCEDURAL HISTORY

In April 1998, Petitioner, who had been a private in the United States Army, was convicted by general court-martial of the pre-meditated murder of his wife, Jennifer Roukis. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, reduction to Private E1, a reprimand, and confinement for life. (United States Army's Response to Petition for Writ of Habeas Corpus ("Resp.") Ex. 11.) Petitioner then appealed his conviction and sentence to the United States Army Court of Criminal Appeals ("ACCA") and the United States Court of Appeals for the Armed Forces ("CAAF"). (Report 10.)

On January 30, 2006, after the completion of the military appellate courts' direct review of his case, Petitioner was discharged from the Army and his sentence became final under Article 76 of the Uniform Code of Military Justice. (See Resp. Exs. 2, 26.) In 2008, Petitioner began filing *pro se* petitions for *habeas* and other extraordinary relief in the ACCA and CAAF, all of which were summarily denied. (See id. Exs. 16, 18, 19, 22, 24, 25, 28.)

In the instant Petition (his seventh overall), Petitioner asserts six claims challenging his conviction and confinement: (1) Petitioner should have been granted a new Article 32 investigation after defense counsel raised concerns about his mental competency; (2) the military judge erred by allowing the Government to introduce statements Petitioner made during psychological evaluations; (3) the military judge erred by allowing the Government to introduce statements Petitioner made to a New York City detective; (4) defense counsel was ineffective for failing to advise Petitioner of a plea offer; (5) defense counsel was ineffective by waiving Petitioner's pre-trial objection to the testimony of a fellow service member; and (6) Petitioner's confinement in the Bureau of Prisons ("BOP"), and not the United States Military Barracks, violates his rights to due process and equal protection of law (together, the "original claims").[1]

Petitioner raised these six claims at various points throughout his court-martial, direct appeal, and collateral review proceedings in the ACCA and CAAF. Claim One, regarding the Article 32 investigation, was raised in a pre-trial motion and denied by the military judge. (Resp. Exs. 10, 14.) Petitioner did not appeal the claim, but he later asserted it in *habeas corpus* petitions to the ACCA and CAAF. (Id. Exs. 18, 21.) Similarly, Claim Two, regarding the use of statements from psychological evaluations, was first raised as an objection to their introduction

[1] In the Report, Judge Freeman consolidated Petitioner's second and third claims of trial error and his fourth and fifth claims of ineffective assistance of counsel. Because Petitioner's claims were raised at different levels of review within the military courts, however, the Court refers to each of the six discrete claims as they are alleged in the Petition.

at trial, and then not raised again until Petitioner applied to the military appellate courts for *habeas* relief after the conclusion of his direct appeals. (Id. Exs. 1E, 18, 21.) Claim Three, concerning the statements made to a New York City detective, was raised at trial, appealed to the ACCA (but not further appealed to the CAAF), and then later raised again in Petitioner's military appellate court *habeas* petitions. (Id. Exs. 4, 9, 10, 15, 18, 21.) Claims Four and Five, which raise allegations of ineffective assistance of counsel, were not raised on direct appeal but were asserted in Petitioner's military appellate court *habeas* petitions.[2] (Id. Exs. 18, 21.) Claim Six, which challenges Petitioner's BOP confinement, did not arise until he was serving his sentence and was first raised in petitions for unspecified extraordinary relief filed in the ACCA and CAAF. (Id. Exs. 16, 17, 24, 28.)

Upon review of the instant Petition, Judge Freeman concluded that the record was sufficient to establish that Petitioner's six claims, although "summarily denied by the military courts," were given "fair consideration" by those courts on direct and collateral review. (Report 23-24.) Judge Freeman also reached the merits of Claim Six, which unlike his other claims, was not challenged by Respondent on the basis that it had been fully and fairly considered by the military courts. Judge Freeman nonetheless concluded that the BOP-confinement claim failed on the merits because Petitioner's "treatment as a civilian prisoner does not offend the Constitution." (Id. 25.)

In his objections to the Report, filed on March 5, 2013, Petitioner specifically references Claims One, Two, and Six and otherwise objects to the Report "in its entirety." (Petitioner's Objections to the Report & Recommendation ("Obj.") 3, 7, 10-11.) Petitioner also raises three new arguments which were not presented to Judge Freeman: (1) that the ACCA and CAAF

[2] Petitioner raised other, distinct issues regarding the performance of his trial counsel on direct appeal, (Resp. Exs. 4, 10), but those claims were denied and not further pursued in any of the petitions for *habeas* or other extraordinary relief, (Id. Exs. 3, 5).

lacked jurisdiction to entertain his petitions for collateral relief (id. 5); (2) that there have been changes in the "scope of inquiry on habeas corpus" petitions (id. 12-13); and (3) that two documents, neither of which Petitioner submitted with the Petition, should be considered in adjudicating the Petition (id. 15-33). The United States Army responded to Petitioner's objections by way of letter dated April 15, 2013. (Dkt. 48.) On September 26, 2013, Petitioner filed an application to appoint counsel pursuant to 18 U.S.C. § 3006(A)(g). (Dkt. 51.) After the Court denied the application, (Dkt. 53), Petitioner submitted a reply on November 19, 2013, (Dkt. 54).

## LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A court may accept portions of a report to which no objections are made as long as those portions are not "clearly erroneous." Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b)). A court must undertake a *de novo* review of those portions to which specific objections are made. See § 636(b)(1); Greene, 956 F. Supp. at 513 (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)). However, "to the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." See, e.g., Alam v. HSBC Bank USA, N.A., No. 07 Civ. 3540 (LTS), 2009 WL 3096293, at *1 (S.D.N.Y. Sept. 28, 2009). "Objections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest." Quinn v. Stewart, No. 10 Civ. 8692 (PAE) (JCF), 2012 WL 1080145, at *4 (S.D.N.Y. April 2, 2012) (internal quotations omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no

party be allowed a 'second bite at the apple' by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., 06 Civ. 5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

The scope of federal habeas review of the decision of a military court-martial is circumscribed. Initially, the court "must determine whether the military courts gave full and fair consideration to the petitioner's claims." Brown v. Gray, 483 F. App'x 502, 504 (10th Cir. 2012). If the military courts gave full and fair consideration to a petitioner's claims, "it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Burns v. Wilson, 346 U.S. 137, 142 (1953), reh'g denied, 346 U.S. 844 (1953). It is only when the military has not dealt fully and fairly with a claim that "the scope of review by the federal civil court expand[s]" and the federal civil court may reach the merits of the petitioner's claims. Lips v. Commandant, U.S. Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993).

As a general matter, an issue has been given "full and fair consideration" when it has been "adequately briefed and argued before the military courts . . . even if the military court disposes of the issue summarily." Roberts v. Callahan, 321 F.3d 994, 997 (10th Cir. 2003). Similarly, a court's failure to hear oral argument is not fatal to "full and fair consideration." "[M]ilitary courts, like civilian courts, must diligently review all arguments presented by the parties," and courts "decline to presume a military appellate court has failed to consider all the issues presented to it before making a decision." Thomas v. U.S. Disciplinary Barracks, 625 F.3d 667, 671-72 (10th Cir. 2010).[3]

[3] Thomas is instructive on this point. In that case, the ACCA summarily denied a petition for a writ of *habeas corpus* without hearing oral argument. 625 F.3d at 669-70. The Tenth Circuit affirmed the district court's dismissal of the petitioner's § 2241 petition on the ground that the petitioner's claims had been fully and fairly considered by the ACCA, explaining that "the thoroughness and adequacy of the briefing in this case, together with the broad deference [the Court] grant[s] to the military in collateral review of court-martial convictions, supports the district court's determination that Thomas' claims received full and fair consideration by the military court." Id. at 672 (internal citation omitted).

"Finally, a petitioner cannot argue that his claims were not given full and fair consideration by the military courts, if he never presents the claims to the military courts." Grafmuller v. Wegner, 13 Civ. 50 (RAJ) (DEM), 2013 WL 4808881, at *8 (E.D. Va. Aug. 9, 2013), report and recommendation adopted, 2013 WL 4804288 (E.D. Va. Sept. 5, 2013), aff'd, 571 F. App'x 184 (4th Cir. 2014); see also Roberts, 321 F.3d at 995; Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986). "If a habeas petitioner neither makes a timely objection to an issue nor raises the issue on appeal, then he has waived that claim." Grafmuller, 2013 WL 4808881 at *8 (citing Lips, 997 F.2d at 812); see also Wolff v. United States, 737 F. 2d 877, 880 (10th Cir. 1984). Relatedly, a petitioner seeking relief from an Article III court must first exhaust all remedies in the military courts. Loving v. U.S., 68 M.J. 1, 3 (C.A.A.F. 2009). To overcome procedural default and "obtain federal habeas review of claims based on trial errors to which no objection was made at trial, or of claims that were not raised on appeal, a state prisoner must show both cause excusing the procedural default and actual prejudice resulting from the error." Lips, 997 F.2d at 812.

**DISCUSSION**

As noted previously, Petitioner asserts specific objections with respect to Claims One, Two, and Six but otherwise simply "object[s] to the Report and Recommendation in its entirety." (Obj. 3, 7, 10-11.) Where the objections address his six original claims, however, Petitioner merely reiterates the arguments made in the Petition. Petitioner does not mention the Report or its conclusions, nor does he suggest that the military courts failed to give full and fair consideration to his claims; instead he disputes "the merits of the military court decisions." See Christian v. Commandant, U.S. Disciplinary Bd., 436 F. App'x 870, 873 (10th Cir. 2011). As to these arguments, therefore, the Court reviews the Report for clear error. Alam, 2009 WL 3096293, at *1. Petitioner also raises three new arguments in his objections to the Report.

Because these arguments were not before Judge Freeman, they are considered separately in Section B, *infra*.

**A. Claims Raised in the Petition**

The record before Judge Freeman established that all of Petitioner's claims were previously raised in other proceedings before the military courts. In those proceedings, Petitioner briefed each of the claims, attaching numerous relevant documents, including legal briefs submitted by Petitioner's counsel and the Government during the court-martial proceedings and trial transcript excerpts. (See Resp. Exs. 10, 16-18, 21, 24, 27, 29.) In each instance, the ACCA and CAAF issued summary orders indicating that they had considered and denied the petitions. (Id. Exs. 5, 16, 18, 19, 22, 24, 25, 28.)[4] On that basis, Judge Freeman reasonably concluded that all of Petitioner's claims were fully and fairly considered by the military courts.[5]

The summary orders do not, however, articulate the reasons for the denials, including whether the petitions were denied because Petitioner failed to raise his claims on direct review or because the claims failed on the merits. Likewise, the summary orders denying Petitioner's *habeas corpus* petitions do not address whether the military courts had jurisdiction to entertain the petitions, even though, as discussed in more detail below, such jurisdiction has been called into question.[6] Nevertheless, to the extent that the military courts had jurisdiction to entertain the

---

[4] The ACCA issued a written opinion denying Petitioner's direct appeal, but summarily denied the only claim asserted here—Claim Three. (Resp. Ex. 5.)

[5] With respect to Petitioner's fourth claim that Petitioner's trial counsel failed to advise Petitioner of a plea offer, although the Report states that Miller's Declaration had been "submitted by the Government in opposition to one of Petitioner's later applications for relief," (Report 6), it appears to have been submitted in opposition to Petitioner's habeas petition in this Court. (See Resp. Ex. 31.) Nevertheless, Petitioner briefed this claim before both the ACCA and CAAF in petitions for extraordinary relief, attaching to his petition to the ACCA a post-trial clemency letter in support of his assertion that a plea offer had been made. (Id. Ex. 18, App. D.)

[6] The issue of the military courts' jurisdiction over Petitioner's petitions for collateral relief is not discussed in the Report as it was not raised by either Petitioner or Respondent prior to the filing of Petitioner's objections. The issue

*habeas* petitions—a question this Court need not resolve—the Court agrees with Judge Freeman that Petitioner's claims received full and fair consideration by the military courts. See Thomas, 625 F.3d at 672 (declining to "presume a military appellate court has failed to consider all the issues presented to it before making a decision" when reviewing claims asserted in ACCA *habeas* petition); see also Armann v. McKean, 549 F.3d 279, 292-93 (3d Cir. 2008); Grafmuller, 2013 WL 4808881, at *13.

Furthermore, even if the claims in the instant Petition had not been properly considered by the military courts on collateral review, all but one would nevertheless be procedurally barred in this § 2241 action. With the exception of Claim Six, which could not have been raised on direct appeal, Petitioner either failed to exhaust his claims in the military courts or waived them altogether. See Lips, 997 F.2d at 812; see also Lanthron v. Commandant of the United States Marine Corps., 173 F.3d 429, at *1 (6th Cir. 1999) (table opinion). Claims One and Two were not exhausted in the military courts; both claims were preserved at trial but not raised on direct appeal. Claims Four and Five, which assert ineffective assistance of trial counsel claims, were waived when they were not raised on direct appeal, even though Petitioner's appellate counsel raised other arguments regarding ineffective assistance of trial counsel. (Resp. Ex. 10.)[7] In fact, despite the voluminous materials Petitioner submitted on appeal to the ACCA, only Claim Three was included in the appeal's nine claims of error. (Id.) Even that claim, though, was not exhausted because it was not among the claims Petitioner further appealed to the CAAF. (Id. Ex. 4.)

---

was, however, raised by the Army in a motion to dismiss Petitioner's 2008 petition for extraordinary relief. (Resp. Ex. 26.) The CAAF denied that motion as moot in its Order denying the petition. (Id. Ex. 25.)

[7] These claims were previously asserted only in Petitioner's *habeas* petitions in the military appellate courts. (Resp. Exs. 18, 21.)

In sum, Petitioner waived or failed to exhaust Claims One through Five in the military courts and he is thus procedurally barred from asserting those claims here. See Schlesinger v. Councilman, 420 U.S. 738, 758 (1975) ("[F]ederal courts normally will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted."); Lips, 997 F.2d at 812 (finding waiver where claims were not asserted at trial or on appeal); Hurn v. McGuire, 04 Civ. 3008 (RDR), 2005 WL 1076100, at *2 (D. Kan. May 6, 2005) (declining to find exhaustion where Petitioner had not raised claims at trial or on direct appeal but presented them in *habeas* petition to the military courts).

To overcome procedural default and obtain habeas review, "the petitioner must demonstrate cause excusing the procedural default and prejudice resulting from the error." Grafmuller, 2013 WL 4808881, at *8. Petitioner has demonstrated neither "cause" nor "prejudice." He fails to establish "cause" for his default because he offers no explanation as to why he failed to appeal Claim Three to the CAAF and altogether failed to raise Claims One and Two in his direct appeals. The same is true for Claims Four and Five; Petitioner's appellate counsel made other ineffective assistance arguments on direct appeal but the record contains no evidence justifying the failure to raise the claims asserted here. Indeed, nothing in the record suggests that there was any cause for Petitioner's procedural default as to the five claims. See Lips, 997 F.2d at 812; White v. Lansing, 8 F. App'x 862, 864 (10th Cir. 2001). Similarly, the record is devoid of any evidence of prejudice resulting from Petitioner's error, or any risk of a miscarriage of justice, which generally will apply "only in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Hurn, 2005 WL 1076100, at *4 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). The Court thus concludes that Petitioner has not overcome his procedural default.

As to Claim Six, the Court agrees with the Report's finding on the merits that Petitioner would not be entitled to relief for his transfer from the United States Military Barracks to the BOP. Judge Freeman correctly relied on 10 U.S.C. § 858(a), which expressly grants the military the authority to transfer prisoners to "any place of confinement under the control of any of the armed forces or in any penal or correctional institution under the control of the United States, or which the United States may be allowed to use." "Courts interpreting § 858(a) have 'consistently held that a military prisoner who is committed to the service of his sentence in a federal penitentiary automatically becomes entitled to any advantages and subject to any disadvantages which accrue to the civilian prisoner.'" Hirsch v. Sec'y of Army, 172 F.3d 878, at *1 (10th Cir. March 1, 1999) (table opinion) (quoting Stewart v. U.S. Bd. of Parole, 285 F.2d 421, 421-22 (10th Cir. 1960) (*per curiam*)). Furthermore, as Judge Freeman rightly observed, "a prisoner generally has no due process right to challenge a transfer from one facility to another." Prins v. Coughlin, 76 F.3d 504, 507 (2d Cir. 1996) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)); see also McNally v. Cooksey, 14 F.3d 604, at *8 (7th Cir. 1993) (table opinion) ("[P]laintiff has no constitutional right to choose his location of incarceration nor does he have a constitutional right to be transferred back to military custody."). Accordingly, Petitioner is not entitled to relief on the merits of Claim Six.

**B. New Arguments Raised in Petitioner's Objections to the Report**

Petitioner asserts three new arguments in his objections to the Report. First, he argues that the ACCA and CAAF lacked jurisdiction to entertain his petitions for collateral relief. (Obj. 5.) Second, Petitioner vaguely references changes in the "scope of inquiry on habeas corpus" petitions. (Id. 12-13.) Lastly, Petitioner attaches two documents, neither of which were submitted with the Petition, for the Court's consideration: an August 23, 1999 letter from Petitioner's defense counsel to the convening authority advocating for a reduction in Petitioner's

sentence, (id. 15-18),[8] and a December 15, 1997 pre-trial "Sanity Board Forensic Evaluation," (id. 19-33).

As to these new arguments, Respondent asserts that the Court need not review them because they were improperly raised in objections to Judge Freeman's Report. (Resp. 3.) It is true that "[a]n objecting party may not raise new arguments that were not made before the Magistrate Judge," Robinson v. Keane, 92 Civ. 6090 (CSH), 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999), and that "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation," Tavares v. City of New York, et al., 08 Civ. 3782 (PAE), 2011 WL 5877548, at* 2 (S.D.N.Y. Nov. 23, 2011)). Because Petitioner is proceeding *pro se*, however, and in the interest of justice, the Court has considered his new arguments but concludes they are without merit. See Hall v. Herbert, 02 Civ. 2299 (LTS) (FM), 2004 WL 287115, at *1 (S.D.N.Y. Feb. 11, 2004) (examining the merits of Petitioner's timeliness arguments, although asserted for the first time in his objection, "[i]n deference to Petitioner's pro se status and in the interests of the efficient administration of justice").

*1. Petitioner's Objection to the Military Courts' Jurisdiction to Entertain Petitions for Writs of Habeas Corpus*

Petitioner first argues that the military courts lacked subject-matter jurisdiction to entertain his petitions for collateral relief, which would preclude those courts from giving his claims "full and fair consideration." (Obj. 5-6.) As noted above, Claims One through Five were previously raised in *habeas corpus* petitions filed in the ACCA and CAAF, whose jurisdiction to

[8] "A convening authority is a commissioned officer who has the statutory and regulatory authority to convene a court-martial." Victor Hansen, Avoiding the Extremes: A Proposal for Modifying Court Member Selection in the Military, 44 Creighton L. Rev. 911, 912 n.7 (2011). The power to approve a court-martial's sentence rests with the convening authority, who has discretion to grant clemency. See United States v. Sosebee, 35 M.J. 892, 894 (A.C.M.R. 1992).

entertain such petitions has been questioned.[9] In United States v. Denedo (Denedo II), the Supreme Court held that "Article I military courts have jurisdiction to entertain *coram nobis* petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect," but simultaneously cast doubt on the jurisdiction of those courts to entertain *habeas corpus* petitions. 556 U.S. 904, 912-13, 917 (2009). The Court explained that the military courts' jurisdiction to issue the *coram nobis* writ "derives from the earlier jurisdiction [they] exercise[] to hear and determine the validity of [a] conviction on direct review" and is thus "a belated extension of the original proceeding during which the error allegedly transpired," whereas *habeas corpus* relief, "is sought in a separate case and record" as "a separate civil proceeding." Id. at 913-14.[10] Since Denedo II, the Supreme Court has not clarified whether military courts have jurisdiction over *habeas corpus* petitions and the issue remains unsettled. See Loving v. United States, 68 M.J. 1, 5 (C.A.A.F. 2009) (assuming jurisdiction over petitioner's appeal from the United States Navy-Marine Corps Court of Criminal Appeals' (NMCCA) denial of *habeas* petition); but see id. at 20-21 (Ryan, J., dissenting).[11]

[9] Petitioner raised Claim Six in petitions seeking unspecified collateral relief from the ACCA and CAAF. Construed as *coram nobis* petitions, the petitions were indisputably within the jurisdiction of the military courts. Regardless, as discussed above, the Court agrees with Judge Freeman that Claim Six fails on the merits.

[10] Some courts have downplayed the distinction between petitions seeking a writ of *coram nobis* and those seeking a writ of *habeas corpus*. See Nkosi v. Lowe, 38 M.J. 552, 553 (A.F.C.M.R. 1993) ("The label placed on a petition for extraordinary relief is of little significance."); United States v. Calhoun, No. 12 Misc. 01, 2012 WL 6762022, at *1 n.2 (A.F. Ct. Crim. App. Dec. 3, 2012) ("Although entitled a writ of habeas corpus, we will evaluate the petition as a writ of coram nobis. We note the petition was filed pro se and we do not place a great amount of significance to the label placed on a petition for extraordinary relief."); United States v. Lofton, No. 11 Misc. 10, 2013 WL 3971423, at *1 n.1 (A.F. Ct. Crim. App. July 15, 2013) (treating petition for extraordinary relief in the nature of a writ of habeas corpus as a *coram nobis* petition and concluding that it had jurisdiction to entertain the petition). Moreover, in spite of the general requirement for *coram nobis* relief that "no remedy other than *coram nobis* [be] available to rectify the consequences of the error," Denedo v. United States (Denedo I), 66 M.J. 114, 126 (C.A.A.F. 2008), some military courts have continued to adjudicate petitions of military prisoners in custody who presumably could seek relief under § 2241 in an Article III court. See, e.g., Lofton, 2013 WL 3971423, at *1 n.1.

[11] The respective courts of criminal appeals for the armed forces have similarly not reached a consensus on the issue. Compare Gray v. Belcher, 70 M.J. 646, 647 n.2 (A. Ct. Crim. App. 2012) ("Although the reasoning in [Denedo I], and [Denedo II], could be construed to reach all forms of collateral review, their mutual holding is much more

In any event, the Court need not further address the legal uncertainty regarding the military courts' jurisdiction over Petitioner's *habeas corpus* petitions. Irrespective of whether the military courts could have otherwise entertained the petitions, as discussed above, Petitioner procedurally defaulted on Claims One through Five and he is barred from presenting those claims here. Consequently, Petitioner's argument regarding the military courts' jurisdiction is unavailing.

*2. Changes in the Scope of Habeas Corpus*

Petitioner next references changes in the scope of habeas corpus review in what is in its entirety an excerpt from Justice Frankfurter's opinion denying a petition for rehearing in Burns, 346 U.S. 844 (1953). (Obj. 12-13.) Whether the Court styles Petitioner's argument as a claim about recent changes in the scope of military habeas review or as a general claim about the consideration afforded to his claims by the military courts, the argument is "not sufficiently specific to warrant review." Amadasu v. Ngati, 05 Civ. 2585 (RRM) (LB), 2012 WL 3930386, at *3 (E.D.N.Y. Sept. 9, 2012).

*3. New Evidence*

Lastly, Petitioner attaches two documents: a 1999 letter from Petitioner's defense counsel to the convening authority advocating for a reduction in Petitioner's sentence and a copy of his pre-trial Sanity Board Forensic Evaluation. (Obj. 15-33.) Petitioner does not explain the relevance of these documents or why he failed to submit them with his Petition. In any event, the Court's consideration of the documents would not alter its decision to deny the Petition. The 1999 clemency letter is extraneous to the issues presented here. Any attempt to utilize the Sanity Board Forensic Evaluation, which was presented to the trial court along with pre-trial motions,

---

limited. Those cases extended collateral review beyond Article 76 only for writs of *coram nobis*."), with United States v. Miller, No. 09 Misc. 02, 2010 WL 2342425, at *1-2 (A.F. Ct. Crim. App. May 27, 2010) (denying relief on the merits of *habeas* petition following completion of direct review and execution of petitioner's sentence).

(See Resp. Ex. 15), must fail. Petitioner procedurally defaulted on his claim regarding the introduction at trial of statements from his psychological evaluations (Claim One) as well as his claim regarding his mental competency (Claim Two). Moreover, any independent claim based on the evaluation was waived by Petitioner's failure to assert it in the military courts.

**C. Certificate of Appealability**

The Report recommends that the Court decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A). (Report 26.) Because no certificate of appealability is necessary for an appeal of a denial of a petition under 28 U.S.C. § 2241, Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003), the Court does not adopt that portion of the Report recommending the denial of a certificate of appealability.

## CONCLUSION

The Court has reviewed all remaining matters in the Report for clear error and finds none. The Court adopts the Report and Recommendation of Judge Freeman with the modifications stated herein. Accordingly, the petition for a writ of habeas corpus is denied and the action is dismissed with prejudice. The Clerk of the Court is respectfully directed to close the case.

Dated: November 14, 2014
New York, New York

Ronnie Abrams
United States District Judge